*921 OPINION.
Morris :
The petitioner contends that, in view of the fact that in 1921 he .received no cash nor the equivalent thereof in excess of his investment from the sale of fuller’s earth properties to the Standard Oil Co., no taxable profit was derived from the transaction in that *922 year, while the respondent contends that not only is the petitioner’s one-half of the profit represented by the initial payment taxable to him in 1921, but that his portion of the deferred payments aggregating $25,000 is also taxable in that year on the theory that he received an obligation to pay equivalent in value to that amount of money.
While the question has been raised by argument of counsel, it is utterly impossible for us to say, from the meager facts before us, whether the petitioner was engaged in a copartnership or a mere joint adventure with Gardner, nor do we deem it necessary that we do so, since the income will, in either event, be taxable to the petitioner as an individual.
That $50,000 of the profit derived from the transaction in controversy was realized in 1921 has not been disputed, but it is contended by the petitioner that since that entire amount was paid to Gardner, plus his initial investment and developmental expenses, he received no taxable income in that year. The record shows that because of the fact that Gardner would not have consented to the sale of the land to the Standard Oil Co. without the receipt of a cash profit, it was agreed — and it does not appear that this agreement was for a consideration — that he should receive the amount distributed to him. We are satisfied that the petitioner’s agreement with Gardner as to the equal division of profits arising from their joint undertakings was a legally enforceable one, and that he was entitled, as a matter of law, to one-half of the sum collected in 1921. The mere fact that he saw fit to surrender his rights to Gardner can not, in our opinion, defeat the rights of the Government to demand a tax from the petitioner upon his share of that payment. See Arthur G. Levering, 5 B. T. A. 616, in which we held that the share of profit from a joint venture was income to the venturer notwithstanding the fact that it was transferred to another immediately, upon its receipt. See, also, Ella Daly King, Executrix, et al., 10 B. T. A. 698, and Ormsby McKnight Mitchel, 1 B. T. A. 143.
We do not consider, however, that the respondent’s views with respect to the deferred payments are correct, for the reason that the obligation of the Standard Oil Co. to pay was not so evidenced that it could have been converted into cash, the only record thereof being in the deed of conveyance signed by the grantors. There was no contract in writing and no vendors’ lien nor notes of any description which could have been discounted at the bank. In short, the obligation of the Standard Oil Co. amounted to nothing more than a mere noninterest-bearing account receivable. The case of W. B. Geary, 6 B. T. A. 1109, relied upon by the respondent, is clearly distinguishable and is not controlling here.
Reviewed by the Board.

Judgment will be entered under Rule 50.

MillikeN dissents.